IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL ORTIZ, et al. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-cv-4275 |
| COUNTY OF PHILADELPHIA | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION**

GOLDEN, J.                                                                                           March 12, 2010

## I.     Introduction

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint, which alleges that Hispanics/Latinos are underrepresented in the grand and petit juries of Philadelphia County. Because a ruling in Plaintiffs' favor in this case would undermine the validity of Plaintiffs' criminal convictions, Defendant's Motion is granted. Plaintiffs' case is dismissed without prejudice; they may refile this action after successfully attacking their criminal convictions.

## II.    Factual Background: The Complaint

Plaintiffs are five inmates serving life sentences in SCI-Graterford, following convictions by Philadelphia County juries. (Compl. ¶¶ 3-7). Plaintiffs filed their Complaint on June 6, 2007, making the following allegations about deficiencies in Philadelphia County's jury empaneling processes: (1) Hispanic/Latino citizens are discriminated against and underrepresented in jury pools, as a result of either exclusion of or striking of Hispanic/Latino jurors; (2) Philadelphia County does not recognizes Hispanics/Latinos as members of a distinct racial group, instead

1

placing them in "black or white racial groupings." (Compl. ¶¶ 1, 13, 23). As a result, Plaintiff Ortiz alleges that he was convicted by a jury with no Hispanic/Latino members, selected from a venire with no Hispanic/Latino candidates; Plaintiffs Montilla (no Hispanic/Latino jurors, and only two Hispanic/Latino candidates in the venire), Rivera (one Hispanic/Latino venire member), Torres (no Hispanic/Latino jurors or venire candidates) and Rosario (one Hispanic/Latino juror) make similar allegations. (Compl. ¶¶ 14-18). Plaintiffs claim that their rights were violated by Defendants' "imprisoning, Plaintiffs on the basis of conviction rendered by a jury from which Hispanic/Latino members of plaintiffs minority race, were either carefully excluded, or stricken from jury duty, or underrepresented and discriminated." (Compl. ¶ 23).

The County filed a Motion to Dismiss Plaintiffs' Complaint on December 14, 2007. Within the week, Plaintiffs filed a petition for the appointment of counsel, which the Court granted; this matter was referred to the District Court's Prisoner Civil Rights Panel. Plaintiffs' counsel entered his appearance on January 23, 2009, and responded to the County's Motion on February 3, 2010.

### III. Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). When evaluating a motion to dismiss, a court must accept all allegations in a complaint as true. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989). The Court simply assesses whether, accepting the facts and inferences to be drawn therefrom in the light most favorable to the Plaintiff, the Plaintiff has stated a claim for which relief could be granted.

*Phillips v. County of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008).

**IV.     Applicable Law and Analysis**

Plaintiffs characterize this as a civil rights action brought under 42. U.S.C. Sections 1981, 1983, 1985(3), 1997(d) and related claims under the Pennsylvania Constitution. (Compl. ¶¶ 2, 31). There is no doubt that the allegations Plaintiffs raise are serious, and that a decision in Plaintiffs' favor would call into question the integrity of their convictions. A defendant in a criminal case has a Constitutional right to a jury drawn from a representative cross-sampling of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975) (reversing defendant's conviction by an all-male jury). Even before the height of the Civil Rights Movement, the Supreme Court recognized that the systemic exclusion of racial or ethnic groups from juries "is at war with our basic concepts of a democratic society and a representative government." *Smith v. Texas*, 311 U.S. 128, 130-32 (1940) (reversing defendant's conviction when he was indicted by a grand jury from which African-Americans were excluded: "[i]f there has been discrimination, whether accomplished ingeniously or ingenuously, the conviction cannot stand.")

However, because Plaintiffs in the instant case are, in effect, challenging the validity of their convictions by juries that they claim were Constitutionally deficient, the Court cannot hear their civil rights claims. Instead, Plaintiffs must first attack their convictions within the state court appeals system, and pursue federal writs of habeas corpus where necessary. Plaintiffs can bring a case asserting that their civil rights were violated by Philadelphia County's jury selection process only *after* their convictions are somehow invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court instructs:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or

3

for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486-87.

Our Circuit Court of Appeals dealt with this issue when videotapes emerged of an Assistant District Attorney "advising his audience to use peremptory strikes against Black jurors, in violation of *Batson v. Kentucky*." *Cook v. City of Philadelphia*, 179 Fed Appx. 855, 856 (3d Cir. 2006)(unpublished opinion). Following the Supreme Court's *Heck* holding, the Third Circuit dismissed the civil rights appeal of an inmate who had not successfully challenged his criminal conviction, reasoning that "[a] holding by this Court declaring that the jury was purposefully improperly empaneled would call into question the validity of [Plaintiff's] conviction." *Id.* at 858.

In their response to the County's Motion to Dismiss, Plaintiffs argue that *Heck* should not apply because they seek both money damages and other relief. They describe prayers for declaratory relief and "such further relief [as] this Court deems appropriate" as the "major foundation" of their case. (Pl.'s Br. In Opposition to Def.'s Mot. 2). It is true that Plaintiffs request declaratory relief, and especially a declaration that their rights have been violated. (Compl. P. 13-14). Nonetheless, the Supreme Court has held that inmate civil rights suits that "would necessarily demonstrate the invalidity of confinement" are impermissible, even if the

4

relief requested is equitable. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). This rule bars suits whether brought pursuant to 42 U.S.C. sections 1981, 1983, or 1985. *Robinson v. Rudenstein*, 2008 U.S. Dist. LEXIS 17275, at *16 (E.D. Pa. Mar. 6, 2008); *Saunders v. Bright*, 281 Fed. Appx. 83, 84 n.4 (3d Cir. 2008).[1]

Plaintiffs have provided no evidence that their convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Such evidence is a prerequisite to the Court's consideration of their civil rights complaint, as the allegations in their complaint would "necessarily imply the invalidity" of their convictions. *Id.* The Court will dismiss Plaintiffs' Complaint without prejudice, with the knowledge that the Complaint may be refiled if Plaintiffs achieve favorable termination of the state or federal remedies available to challenge their underlying convictions. *Robinson*, 2008 U.S. Dist. LEXIS 17275, at *22-23 (internal citations omitted). An appropriate order follows.

---

[1] The Court is aware that Plaintiffs also cite to 42 U.S.C. 1997 in their Complaint; this section of the code provides some of the definitions that inform Title 42.